# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JULIAN DELMORE, | NO. 3:21-cv-05625-RSL |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and LISA FLYNN, | |
| Defendants. | |

THIS MATTER comes before the Court on plaintiff's "Motion to Compel." Dkt. # 16. Having considered the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff served his first set of discovery requests on July 15, 2022. Defendants timely served responses (and defendant Department of Corrections ("DOC") amended those responses three days later), but plaintiff was unsatisfied.[1] The parties met and conferred on August 25, 2022, discussing each of the requests and responses thereto, including the seven requests for production to which DOC responded with various objections and a statement that it "is in the process of compiling additional responsive information/documentation and will supplement when such

---

[1] Plaintiffs provide a copy of only DOC's supplemental responses, dated August 18, 2022, with their motion. Dkt. # 17 at 39-64.

information/documentation becomes available." Dkt. # 17 at 58-61 (RFP Nos. 17-20, 22-24). Defendants promised to continue their search and produce responsive documents.

On October 20, 2022, plaintiff sent a letter outlining continuing deficiencies in defendants' discovery responses (Interrogatory No. 6 and RFP Nos. 1, 9, and 12 for defendant Lisa Flynn and Interrogatory Nos. 3, 5, and 7 and RFP Nos. 1-3, 5, 6, 9-14, 16-20, 22-24, and 26 for defendant DOC). Dkt. # 17 at 66-73. With regards to RFP Nos. 17-20 and 22-24, plaintiff pointed out that DOC had previously stated that it was searching for responsive documents and asked whether DOC would be producing documents or whether there were none. Defense counsel was not immediately available for a discovery conference and was heading into a trial across the state the following week: he therefore requested that the parties connect in mid-November for a meet and confer. Plaintiff noted that the discovery requests had been served in July, that DOC had promised in August to search for and produce documents in response to RFP Nos. 17-20 and 22-24, and that he needed a date certain for production or would file a motion to compel.

This motion was filed four days later, despite the fact that both parties recognized that further discussion was necessary to determine whether an impasse had been reached. Defendants served supplemental responses on November 14, 2022, the day their response to the motion to compel was due.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of both the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the deficiencies identified by

1    plaintiff in his October 2022 letter, defendants' objections, the status of DOC's search
2    and production, and the potential for compromise. With one notable exception
3    discussed below, the parties' positions on various discovery requests remained
4    opaque when plaintiff filed this motion, as shown by the fact that the parties were able
5    to find common ground on a number of issues through the briefing. The record shows
6    that DOC was willing to engage in further dialogue in an effort to address plaintiff's
7    concerns, and its inability to participate in a meet and confer for four weeks, while
8    unfortunate, does not justify filing a discovery motion before the parties have reached
9    an impasse, especially where the discovery deadline is more than seven months
10   away.
11          The one exception involves DOC's failure to make any substantive response to
12   RFP Nos. 17-20 and 22-24 or to provide a date by which a substantive response
13   would be made. That issue had been discussed in August and, despite DOC's
14   promise to produce responsive documents, the situation remained unchanged when
15   plaintiff filed this motion. Plaintiff was not required to meet and confer again on the
16   same topic: he is entitled to a date certain for the production.

18          //

20          //

22          //

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 16) is GRANTED in part and DENIED in part. DOC shall, within twenty-one days of the date of this Order, complete its search and produce documents responsive to RFP Nos. 17-20 and 22-24. DOC's objections to these discovery requests have been preserved, but it cannot simply stall discovery indefinitely based on promises of future production. The motion to compel is denied without prejudice as to all other discovery requests.

DATED this 21st day of November, 2022.

*[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 4