UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIAN DELMORE,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Cause No. C21-5625RSL

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on "Defendants' Motion to Dismiss." Dkt. # 25. Plaintiff, a former employee of Larch Corrections Center, filed this lawsuit on August 27, 2021, asserting claims of race discrimination and retaliation against the Washington State Department of Corrections and the then-Superintendent of Larch Corrections Center, Lisa Flynn. Plaintiff alleges that he was treated differently than his white colleagues during an investigation of a December 2016 event, that his employment was terminated in September 2017 because of his race, and that defendants initiated a criminal referral in December 2017 in retaliation for his protected activity, all in violation of 42 U.S.C. §§ 1981 and 1983 and the Washington Law Against Discrimination ("WLAD"). Plaintiff filed a tort claim form on March 2, 2021. Defendants argue the claims are barred by the applicable statutes of limitations and must be dismissed.

ORDER - 1

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). "A statute-of-limitation defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). If the complaint fails to raise a plausible inference that plaintiff is entitled to relief, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the memoranda of the parties and the complaint, the Court finds as follows:

**A. Federal Claims Under Sections 1981 and 1983**

"Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983." *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008). Claims of race-based termination and/or retaliation for protected activities are subject to a four-year statute of limitations under § 1981 and a three-year limitations period borrowed from state law under § 1983. 28 U.S.C. § 1658 (providing a default four-year limitations period for any federal statute enacted after 1990); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (wrongful

ORDER - 2

termination claim); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000 (9th Cir. 2011) (retaliation claim); *Baker*, 531 F.3d 1336 (termination and retaliation claims). Although the United States Supreme Court has not definitively resolved the issue of which limitations period applies to § 1981 claims asserted against state actors through § 1983, it has noted that the four-year statute of limitations "seem[s] to apply" in these circumstances. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n. 5 (2005). The only court of appeals to directly address this issue held that the four-year limitations period applies. *Baker*, 531 F.3d at 1338-39.

The Court agrees. In *Jones*, the Supreme Court summarized the historical and legislative background of 28 U.S.C. § 1658, noting that the lack of a uniform statute of limitations for federal causes of action had "spawned a vast amount of litigation" to resolve "a host of issues that required resolution on a statute-by-statue basis," had presented conflict of laws problems, had "resulted in uncertainty for both plaintiffs and defendants," had given rise to different outcomes to identical claims, and had "complicated the development of federal law on the questions when, or under what circumstances, a statute of limitations could be tolled." 541 U.S. 377-79. In light of the context in which Congress enacted § 1658 and the problems it was designed to solve, the Supreme Court broadly interpreted the statute to "fill[] more rather than less of the void [in federal limitations periods] that has created so much unnecessary work for federal judges." *Id.* at 380. Where, as here, a cause of action was made possible by an Act of Congress enacted after December 1, 1990, application of the general four-year limitations period for federal statutes will avoid resort to analogous state law, will best serves Congress' interests and intent, and is consistent with the common usage of the phrase "arising under." *Id.* at 380-83.

ORDER - 3

Because plaintiff's federal claims are governed by § 1658's four-year statute of limitations, defendants' motion to dismiss those claims as time-barred is DENIED.

**B. Washington Law Against Discrimination ("WLAD") Claims**

Plaintiff's state law claims are subject to a three-year limitations period. The allegations of the complaint show that plaintiff's termination and the interference with his reinstatement through a referral for criminal prosecution occurred more than three years before he provided notice of his tort claim. He argues, however, that his retaliation claim is nevertheless timely because defendants took actions in furtherance of the prosecution, such as providing information and serving as a witness, which continued to frustrate plaintiff's efforts to regain his position. The only authorities cited in support of this theory are an EEOC guidance describing interference with available remedial mechanisms as an adverse employment action and a Washington Supreme Court case holding that a failure to hire in retaliation for a complaint levied against a different employer violates the WLAD. Dkt. # 27 at 6 (citing EEOC Questions and Answers: Enforcement Guidance on Retaliation and Related Issues (Aug. 26, 2016), available at https://www.eeoc.gov/laws/guidance/ questions-and-answers-enforcement-guidance-retaliation-and-related-issues and *Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 189 Wn.2d 607, 623 (2017)).

While these authorities throw into doubt defendants' contention that there can be no adverse employment action after the employment relationship has been terminated, they do not discuss when a retaliation claim accrues for purposes of the statute of limitations. A retaliation claim accrues when an employee engages in statutorily protected action and suffers an adverse

ORDER - 4

employment action as a result. *See Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411-12 (2018). The general rule in Washington is that when a plaintiff is aware of some appreciable harm caused by another's wrongful conduct, "the law affords a remedy [and] the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date." *Green v. A.P.C. (Am. Pharm. Co.)*, 136 Wn.2d 87, 96 (1998) (citations omitted). Thus, plaintiff's retaliation claim accrued, at the latest, when defendants reported plaintiff's case to the Clark County Sheriff's Department and his access to the grievance process was impeded. The fact that defendants cooperated with the criminal investigation caused no new or different adverse employment action, it simply increased the delay and, presumably, the harm. "The statute of limitations is not postponed by the fact that further, more serious harm may flow from the wrongful conduct," however. *Id.*

    Defendants' motion to dismiss plaintiff's state law claims is GRANTED.

**C. Leave to Amend**

    Although plaintiff's WLAD claims will be dismissed, this litigation continues. In this context, leave to amend will not be blindly granted. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to remedy the deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration.

//

ORDER - 5

1     For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's WLAD claims are DISMISSED.

Dated this 4th day of January, 2023.

                                              *Robert S. Lasnik*
                                              Robert S. Lasnik
                                              United States District Judge