UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIAN DELMORE,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF CORRECTIONS; LISA FLYNN,<br><br>                Defendant. | Case No. 3:21-cv-05625-TMC<br><br>ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Julian Delmore's Rule 59 Motion to Amend Summary Judgment Order. Dkt. 116. For the reasons stated below, the Court DENIES Plaintiff's Motion.

## II.    BACKGROUND

On March 28, 2025, this Court granted Defendants Washington State Department of Corrections ("DOC") and Lisa Flynn's motion for summary judgment and denied Delmore's cross motion for summary judgment and motion to strike defenses. Dkt. 113. The Court entered judgment on the same day. Dkt. 114. The factual and procedural background of this case is

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 1

extensively recounted in the Court's Order. Dkt. 113 at 2–16. Thus, in this Order, the Court reviews only the facts and procedural history relevant to the instant motion.

On April 25, 2025, Delmore moved the Court to amend its judgment under Federal Rule of Civil Procedure 59(e), arguing that the Court should vacate its summary judgment order and judgment and allow the case to proceed to trial. Dkt. 116. Defendants responded on May 12, 2025, Dkt. 123, and Delmore replied on May 16, 2025, Dkt. 124. Having reviewed the parties' briefing and the relevant record, the Court DENIES Delmore's motion to amend.

### III.  LEGAL STANDARD

Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (citation omitted)). Finally, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## IV.  DISCUSSION

Delmore argues that the Court's decision to dismiss his Section 1981 and Section 1983 discrimination and retaliation claims against DOC and Flynn should be amended "to correct manifest errors of law and fact and to prevent manifest injustice." Dkt. 116 at 1. Although Delmore does not contend that amendment is necessary based on new evidence, *see* Dkt. 124 at 7, he presents new facts in his Rule 59(e) motion. *See, e.g.*, Dkt. 116 at 6, 9; *see generally* Dkt. 119 (Declaration of Shawn Piliponis). The Court first finds that Delmore has not presented newly discovered or previously unavailable evidence. Next, the Court concludes that it did not clearly err in dismissing Delmore's discrimination and retaliation claims. Finally, despite the hardships that Plaintiff's counsel identifies from the ruling, Delmore has not made a showing of manifest injustice required for amendment under Rule 59(e).[1]

**A.    Delmore has not presented newly discovered or previously unavailable evidence.**

Delmore's submission of two declarations is evidence not properly before the court on a Rule 59 motion. Under Rule 59, a party proffering newly discovered evidence "must establish that (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000) (citation omitted); *see Kealoha v. Aila*, No. 20-17430, 2022 WL 265877, at *2 (9th Cir. Jan. 28, 2022) (applying the standard to a Rule 59(e) motion).

---

[1] Delmore does not argue that amendment of the Court's Order is justified by an "intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111; *see generally* Dkt. 116. Accordingly, the Court does not analyze Plaintiff's Rule 59(e) motion on this potential basis.

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 3

Plaintiff attaches two declarations (Dkt. 118, 119) to support his motion to amend, but neither meets the grounds for "newly discovered" evidence. First, Delmore's own declaration largely describes his personal and professional background before coming to Larch, as well as his experience being terminated and arrested after the investigation of the December 2016 shank incident. *See generally* Dkt. 118. Although much of this narrative was presented by Plaintiff at summary judgment, *see, e.g.*, Dkt. 47 at 4, 7, Delmore's declaration includes at least one fact that was not part of the summary judgment record, *see* Dkt. 118 ¶ 8. Delmore states that "when [he] got the call about being arrested, [he] asked the sheriff who did this. He said Lisa Flynn did." *Id.*; *see also* Dkt. 116 at 6 ("Flynn had her mind made up . . . and . . . when the sheriff told him of his arrest, Mr. Delmore asked who was doing this, and the sheriff responded "'Lisa Flynn.'"). Plaintiff does not argue that this alleged fact, or any of Delmore's declaration, is "newly discovered" evidence that should be considered under Rule 59. *See* Dkt. 124 at 7. Rather, Plaintiff states that Delmore's declaration "was offered for the limited purpose of showing manifest injustice." *Id.* Although the Court addresses this limited purpose below, *see infra* Sec. IV.C, Plaintiff fails to argue that any of the facts presented in Delmore's declaration could not "reasonably have been raised earlier in the litigation." *See Carroll*, 342 F.3d at 945.

Plaintiff also improperly presents the declaration of Shawn Piliponis, a former employee of Larch Corrections Center. Plaintiff argues that "[t]he factual disputes and matters about which Mr. Piliponis will testify are already contained in the summary judgment record[.]" Dkt. 116 at 9. On its face, Plaintiff's argument concedes that the declaration does not present "newly discovered or previously unavailable" evidence. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of [the district court's ruling] or could have been discovered with reasonable diligence.") (citations omitted). Yet Piliponis' declaration

also asserts numerous facts that were not presented at summary judgment. *See, e.g.*, Dkt. 119 ¶ 16 ("In my decades of experience in corrections, offenders plant shanks or contraband on one another. . . . This happened before at Larch: an inmate named Ronnie Brown."); *id.* ¶ 17 ("Racist remarks [by Flynn] include a time where she was teaching a class called 'Implicit Bias' where she explained why she did not like Hispanic women because of one who pulled her hair in elementary school."); *id.* ¶ 28 ("There were only a handful of black employees at Larch and Superintendent Flynn targeted all of them."). As with Delmore's declaration, Plaintiff does not argue that Piliponis's declaration is new evidence. *See* Dkt. 124 at 7. Nor does Plaintiff explain why the information that he now believes is illustrative of "genuine factual and credibility disputes in the summary judgment record" was not presented to the Court at summary judgment. *See id.* Because Rule 59(e) "may not be used to . . . present evidence that could have been raised prior to the entry of judgment," the facts alleged in Piliponis's declaration provide no basis for the Court to vacate its ruling. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

### B.   The Court did not clearly err in dismissing Delmore's discrimination and retaliation claims.

Plaintiff's primary argument for amendment is that the Court "committed clear error in resolving factual issues and inferences against Mr. Delmore" at the summary judgment stage, but this argument is unavailing. Dkt. 116 at 1. Although "[c]ourts have generally not defined what constitutes 'clear error' under Rule 59(e), case law indicates that clear error should conform to a very exacting standard—*e.g.,* a court should have a clear conviction of error." *Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, No. C-09-1483 EMC, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011) (citation modified); *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*,


282 F.R.D. 216, 231 (D. Ariz. 2012) (same); *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (similar).

Delmore first argues that the Court committed clear error in concluding Delmore could not show that Defendants' decision to investigate his involvement in the shank incident and ultimately terminate him was pretextual. Dkt. 116 at 2, 16–18. He asserts that under Ninth Circuit precedent, the Court's finding that Delmore met his prima facie burden of discrimination means "the plaintiff has necessarily raised an issue with respect to pretext[.]" *Id.* at 16–17. The Court did not err. The summary judgment order details the Ninth Circuit's legal standard for discrimination claims under Sections 1981 and 1983, Dkt. 113 at 17–18, including Plaintiff's burden at the pretext stage, *id.* at 32–33. The Court's Order also cites several Ninth Circuit cases in which plaintiffs made a prima facie case of discrimination, but still failed to raise a genuine issue of fact that the employer's reasons were pretextual, resulting in summary judgment against the plaintiff. *See, e.g.*, *Opara v. Yellen*, 57 F.4th 709, 727–29 (9th Cir. 2023); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Wieland v. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 23-15339, 2024 WL 810445, at *1 (9th Cir. Feb. 27, 2024).

Plaintiff next asserts that he produced sufficient evidence of pretext to survive summary judgment, but Plaintiff merely re-raises arguments that the Court already considered in its Order. Dkt. 116 at 16–18; *see Exxon Shipping Co.*, 554 U.S. at 485 n.5 ("Rule 59(e) may not be used . . . to relitigate old matters[.]"). For example, Plaintiff argues that Flynn's "colored people" remark in an unrelated union grievance hearing and her comment during a deposition in this case distinguishing between "African-American staff" and "regular staff" is sufficient to show that Flynn's decisions were pretextual. *Id.* at 17 n.25 (citing Dkt. 113 at 24–25). Although noting that the two comments—one four years after Flynn's decision to terminate Delmore, the other six years—were "far removed from the contested [employment] decision," Dkt. 113 at 25 (quoting

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 6

*Cordova v. State Farm Insurance Companies*, 124 F.3d 1145, 1149 (9th Cir. 1997)), the Court credited the comments along with "limited circumstantial evidence" as sufficient to make Delmore's prima facie case when viewed in the light most favorable to him, *id.* at 28.

But the Court also noted that "a plaintiff's burden is much less at the prima facie stage than at the pretext stage." *Id.* at 33 (quoting *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1158 (9th Cir. 2010)). And that a plaintiff relying on circumstantial evidence to demonstrate pretext must show that the evidence is "both specific and substantial." *Id.* (quoting *Wieland*, 2024 WL 810445, at *1). Even when the Court evaluated the circumstantial evidence in the light most favorable to Delmore, it found that he did not point to "specific and substantial" evidence that Flynn and DOC's reasons for investigating his involvement in the shank incident—based on several incident reports, physical evidence, and inmate complaints—were pretextual. *Id.* at 31, 33–35. Nor could Plaintiff show that Defendants' reasons for terminating Delmore were pretextual when the decision was based on a six-month DOC internal investigation whose findings supported several of the serious allegations of misconduct, including making and planting the shank in an inmate's bunk. *Id.* at 35–40. Because Plaintiff also failed to show evidence from which a reasonable factfinder could conclude that "unlawful discrimination more likely than not motivated the employer['s]" adverse actions, summary judgment was warranted on this record. *Id.* at 34 (quoting *Opara*, 57 F.4th at 721). Although Plaintiff disagrees with its conclusion, the Court does not "have a clear conviction of error" in its judgment. *Pet Food Exp. Ltd.*, 2011 WL 6140874, at *4.

Plaintiff similarly argues that there is sufficient evidence of causation to survive summary judgment on his retaliation claim when the facts are viewed in the light most favorable to him. Dkt. 116 at 19, 14–16. Once again, the Court disagrees. As to the claim that Defendants retaliated against Delmore for filing a union grievance by interfering and halting his

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 7

reinstatement process, Plaintiff's Rule 59(e) motion re-raises arguments that the Court found wanting. *See id.* Plaintiff claims that the Court improperly "credited the words on the page" of Flynn's emails checking on the status of Delmore's criminal investigation and that a jury could determine that Flynn was "being purposely vague in her written language but that her intent was retaliatory." *Id.* at 14. The Court did not find this argument persuasive and need not "draw unreasonable inferences from circumstantial evidence" at summary judgment. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988); *see also Claus v. Canyon Cnty.*, No. 22-35292, 2023 WL 4118016, at *1 (9th Cir. June 22, 2023) (same); Dkt. 113 at 46.

Further, Delmore's arguments in his Rule 59(e) motion, like at summary judgment, do not cure the fundamental flaw of his retaliation claim—that but for Delmore's union grievance, his potential reinstatement would not have been put on hold. *See* Dkt. 113 at 46 (citing Dkt. 71 at 15) ("Ms. Flynn urged Clark County to bring criminal charges for the stated purpose of halting his grievance and reinstatement.") (emphasis removed). Instead, the record demonstrated that Delmore's arrest was the "but-for" cause of his pre-mediation meeting being placed on hold. *Id.* at 48. And while Plaintiff insists that "Clark County did not make an independent decision to arrest Delmore," Dkt. 116 at 15–16, he does not point to evidence where "a reasonable jury could return a verdict for the nonmoving party."[2] *Villiarimo*, 281 F.3d at 1061 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court also declines to address Plaintiff's new argument that even if Clark County's charging decision was independent, Plaintiff's retaliation claim should be analyzed as a "mixed motives" case. *See* Dkt. 116 at 19;

---

[2] The Court noted another reason Delmore's argument that Flynn influenced Clark County's charging decision failed as evidence of causation. Although a plaintiff may use a "cat's paw" theory of liability for causation "when they cannot show that the decisionmaker—the person who took the adverse employment action—harbored any retaliatory animus," *Acosta v. Brain*, 910 F.3d 502, 514–15 (9th Cir. 2018) (citation omitted), Plaintiff here did not allege a "cat's paw" theory in any of his pleadings. Dkt. 113 at 48 (citing Dkt. 1; Dkt. 47; Dkt. 71).

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 8

*Carroll*, 342 F.3d at 945 (a "Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation"). Accordingly, the Court is not persuaded that it committed "clear error" in dismissing Plaintiff's discrimination and retaliation claims.

C.    **Delmore does not show that the Court's Order must be amended because of manifest injustice.**

Although Plaintiff articulates the human and emotional toll of the events that formed the basis of this litigation, and the effect of the Court's resultant summary judgment order, he has not demonstrated manifest injustice under Rule 59(e). The Ninth Circuit has not defined "manifest injustice" in the context of a Rule 59(e) motion, but district courts in the Circuit have "require[d] a showing that the court made an error that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *See, e.g.*, *Blakeney v. Ascension Servs., L.P.*, No. 15-CV-05544-LHK, 2016 WL 6804603, at *6 (N.D. Cal. Nov. 17, 2016) (citation modified); *Briggs v. OS Rest. Servs., LLC*, No. LACV1808457JAKAFMX, 2021 WL 7448752, at *5 (C.D. Cal. Aug. 18, 2021); *see also Schowachert v. Polley*, No. 1:21-CV-01107-KES-HBK (PC), 2024 WL 3164591, at *2 (E.D. Cal. June 25, 2024) ("Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error[.]'") (citation modified).

As discussed above, Plaintiff submits his own declaration "to support his showing of manifest injustice in the Court's decision." Dkt. 116 at 3 n.2; Dkt. 124 at 7; *see* Dkt. 118. Delmore's declaration describes his difficult upbringing; his love of his job at Larch before the incident; his experience with Flynn before and after the investigation; his surprise that his job was terminated and that he was arrested; and the emotional, physical, and financial toll of the events. *See generally* Dkt. 118. Plaintiff's counsel argues that the "upend[ing]" effect of these

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND SUMMARY JUDGMENT ORDER - 9

events on her client's life because of Flynn's actions and the prospect that Delmore will have to "wait multiple additional years on appeal to hopefully get to trial" will be a manifest injustice. Dkt. 116 at 20.

The Court is sympathetic to Plaintiff's counsel's impassioned belief that her client lost his job because of a false allegation and that he has suffered greatly as a result. The Court also does not take lightly dismissing an employment discrimination case on summary judgment. Accordingly, the Court analyzed each of Plaintiff's multiple theories for his discrimination and retaliation claims in detail. Contrary to Plaintiff's assertions, the Court's thorough review of the claims, arguments, and evidentiary record is not the same as improperly weighing the evidence on summary judgment. *See* Dkt. 116 at 1–3. The Court's effort to provide a detailed analysis of each claim also provides a clear record for appellate review.

But for the reasons explained above, *supra* Sec. IV.B, the Court is not persuaded that it "made an error that is direct, obvious, and observable." *See Blakeney*, 2016 WL 6804603, at *6. Because Plaintiff has not made a showing of manifest injustice, and no new evidence or clear error warrants the "extraordinary remedy" of amending the Court's summary judgment order, Plaintiff's motion is denied. *See Carroll*, 342 F.3d at 945.

## V.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion, Dkt. 116.


Dated this 20th day of June, 2025.

Tiffany M. Cartwright
United States District Judge